UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ALEX COMO and FAMILY, | ) | |
| | ) | |
| Plaintiff, | ) | Nos.   CV-05-3038-AAM |
| vs. | ) | |
| | ) | **ORDER OF DISMISSAL** |
| CITY OF YAKIMA, et al., | ) | |
| Defendants. | ) | |

In an order filed April 18, 2005 (Ct. Rec. 5), plaintiff was directed to file an amended complaint curing the deficiencies identified by the court. He has submitted an amended complaint, but it does not cure the deficiencies and, indeed, contains additional deficiencies.

In his amended complaint, plaintiff has dropped the City of Yakima as a defendant, but continues to name as defendants the "Washington State Department Of Community Corrections and the Washington Financial Management, Risk Management Division." As plaintiff was informed in the previous order, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Likewise, "arms of the State" such as the Department of Community Corrections and the Risk Management Division are not "persons" amenable to suit under 42 U.S.C. § 1983.

**ORDER OF DISMISSAL-**               **1**

1  *Id.*, at 70.

2  In addition to §1983, plaintiff now cites 42 U.S.C. §1981 in his amended complaint.
3  §1981 prohibits racial discrimination in the making and enforcement of contracts. *Cholla Ready*
4  *Mix, Inc. v. Civish*, 382 F.3d 969, 977 (9th Cir. 2004). Plaintiff's amended complaint contains no
5  allegation that he was racially discriminated against in the making and enforcement of a contract.

6  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d
8  1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is
9  based on an indisputably meritless legal theory or where the factual contentions are clearly
10 baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,
11 however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885
12 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227. A complaint, or portion thereof, will
13 be dismissed for failure to state a claim upon which relief may be granted if it appears beyond
14 doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle
15 him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984), *citing*
16 *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957); *see also Palmer v. Roosevelt Lake Log*
17 *Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

18 Plaintiff's §1983 claim is frivolous because it is based on an indisputably meritless legal
19 theory. Moreover, nothing in the amended complaint remotely alleges plaintiff was the victim of
20 racial discrimination in the making and enforcement of a contract. It is apparent that plaintiff
21 misunderstands the nature of §1981 and has used it under the false impression that the statute
22 confers some general right of equal protection. Plaintiff's §1981 claim does not have an
23 arguable legal or factual basis. The plaintiff has already been afforded one opportunity to amend
24 his complaint and it is apparent that allowing him a further opportunity to amend would be

28 **ORDER OF DISMISSAL-**                    **2**

1 futile.¹

2 Accordingly, plaintiff's First Amended Complaint (Ct. Rec. 6) is **DISMISSED with**
3 **prejudice**.

4 **IT IS SO ORDERED**. The District Executive shall enter judgment accordingly,
5 forward a copy of the judgment and this order to plaintiff, and close this file.

6 **DATED** this  13th   of May, 2005.

8 s/ Alan A. McDonald
ALAN A. McDONALD
9 Senior United States District Judge

---

¹ In his First Amended Complaint, plaintiff again cites various provisions of Washington State law. To the extent there are any cognizable claims under state law, this court does not have subject matter jurisdiction to hear them in the absence of cognizable federal claims. There is no independent basis of subject matter jurisdiction to hear those state law claims (no diversity of citizenship; no federal question).

**ORDER OF DISMISSAL-**           **3**